**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
————————————————————————

**FREEDOM MORTGAGE CORPORATION,**

                              **Plaintiff,**

             **v.**                            **5:23-CV-566**
                                             **(FJS/TWD)**

**JUSTIN R. POIRIER and NORTHERN**
**CREDIT UNION,**

                              **Defendants.**
————————————————————————

**APPEARANCES**                          **OF COUNSEL**

**FRENKEL LAMBERT WEISS**         **DEANA CHELI, ESQ.**
**WEISMAN & GORDON LLP**         **ROBERT S. TREMAROLI, ESQ.**
53 Gibson Street
Bay Shore, New York 11706
Attorneys for Plaintiff

**JUSTIN R. POIRIER**               **NO APPERANCE**
Defendant

**NORTHERN CREDIT UNION**       **NO APPEARANCE**
Defendant

**SCULLIN, Senior Judge**

### MEMORANDUM-DECISION AND ORDER
### AND JUDGMENT OF FORECLOSURE AND SALE

### I. INTRODUCTION

       Pending before the Court is Plaintiff's motion for a default judgment and entry of a

judgment of foreclosure and sale. *See* Dkt. No. 11.

## II. BACKGROUND

On or about August 6, 2013, Defendant Poirier executed and delivered to Homestead Funding Corp. a note whereby he promised to pay $226,816.00 plus interest on the unpaid amount due. *See* Dkt. No. 1, Complaint at ¶ 6 & Exhibit C attached thereto. On or about the same date, Defendant Poirier executed and delivered to Mortgage Electronic Registration Systems, Inc., as mortgagee, as nominee for Homestead Funding Corp., its successors and assigns, a mortgage in the principal sum of $226,816.00, which was duly recorded in the Office of the Clerk of the County of Jefferson on August 7, 2013, in Instrument No. 2013-00011580, and the recording tax weas duly paid. *See id.* at ¶ 7 & Exhibit D attached thereto.

Thereafter, an assignment of mortgage from Mortgage Electronic Registration Systems, Inc., as mortgagee, as nominee for Homestead Funding Corp., its successors and assigns, into Plaintiff Freedom Mortgage Corporation was dated July 20, 2022, and recorded on July 21, 2022, in Instrument No. 2022-00012876. *See id.* at ¶ 8 & Exhibit E attached thereto.

Plaintiff brought this action against Defendants to foreclose a mortgage on real property designated as **19749 Minkler Road, Adams Center, New York 13606**, which is located in Jefferson County, New York. *See id.* at ¶ 1. The total balance secured by said mortgage is **$214,846.12**, comprised of the following amounts: (1) the principal amount of **$189,804.47**, (2) interest from 10/1/2021 to 6/30/2023 at 4.2500% in the amount of **$13,757.94**; (3) total escrow advances in the amount of **$10,991.11**; (4) mortgage insurance premiums in the amount of **$202.60**; and (5) property inspection in the amount of **$90.00**. *See* Dkt. No. 11-3, Affidavit of Heather Marie Diaz, at ¶ 12. Plaintiff also requests an award of costs and disbursements in the

amount of **$463.79** and an award of attorney's fees in the amount of **$4,200.00**.  *See* Dkt. No. 11-15, Bill of Costs; Dkt. No. 11-16, Attorney Declaration of Services Rendered, at ¶ 5.

Plaintiff filed a Notice of Pendency containing all the particulars required by law in the Office of the Clerk of the Northern District of New York on May 11, 2023, *see* Dkt. No. 4, and in the Jefferson County Clerk's Office on May 15, 2023, *see* Dkt. No. 11-4, Attorney's Declaration, at ¶ 11 & Exhibit G attached thereto.

Plaintiff served Defendants with the summons and complaint, *see* Dkt. No. 6, and their time to answer or otherwise appear with regard to the complaint has expired and has not been extended by consent or order of this Court.  Plaintiff requested a Clerk's Entry of Default against Defendants on June 20, 2023, which the Clerk entered on June 21, 2023.  *See* Dkt. Nos. 7-8.  A Notice of Default was sent to the Mortgagor(s) and the default was not cured.  *See* Dkt. No. 11-4, Attorney's Declaration, at ¶ 6 (citing [Diaz] affidavit ¶ 7).  Ninety day notices were sent to the Mortgagor(s) pursuant to RPAPL § 1304.  *See id.* at ¶ 7 (citing [Diaz] affidavit ¶ 9).  Defendant Poirier is not in the military service nor is he an infant or incompetent person.  *See id.* at ¶ 16. Finally, Plaintiff notes that, "the premises which are to be foreclosed consists of a single dwelling on one parcel of land[, and t]he only feasible method of selling the mortgaged premises, pursuant to a judgment of foreclosure and sale that may hereafter be entered, is by sale in one parcel."  *See* Dkt. No. 11-3, Diaz Affidavit, at ¶ 14; *see also* Attorney Declaration at ¶ 17 and Exhibit M attached thereto.

### III. DISCUSSION

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment."  *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011).

First, under Rule 55(a), the plaintiff must obtain a clerk's entry of default.  *See* Fed. R. Civ. P. 55(a) (providing that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default"); N.D.N.Y. L.R. 55.1 (requiring a party seeking a clerk's entry of default to "submit an affidavit showing that (1) the party against whom it seeks a judgment of affirmative relief is not an infant, in the military, or an incompetent person (2) a party against whom it seeks a judgment for affirmative relief has failed to plead or otherwise defend the action . . . and (3) it has properly served the pleading to which the opposing party has not responded").  Second, under Rule 55(b), the plaintiff may apply for entry of a default judgment by the clerk "[i]f the plaintiff's claim is for a sum certain" or by the court "[i]n all other cases[.]"  Fed. R. Civ. P. 55(b)(1), (2); N.D.N.Y. L.R. 55.2(b) (providing that "[a] party shall accompany a motion to the Court for the entry of a default judgment, pursuant to Fed. R. Civ. P. 55(b)(2), with a clerk's certificate of entry of a default . . ., a proposed form of default judgment, and a copy of the pleading to which no response has been made").

### A.    Liability

By failing to answer, Defendants are deemed to have admitted the factual allegations in the complaint.  *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (noting that "a party's default is deemed to constitute a concession of all well pleaded allegations of liability" (citations omitted)).  However, "before entering default judgment, the Court must review the Complaint to determine whether Plaintiff has stated a valid claim for relief."  *Wells Fargo Bank, N.A. v. Barnes*, No. 3:16-cv-00533 (BKS/DEP), 2018 WL

6028050, *5 (N.D.N.Y. Nov. 16, 2018) (citing *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)) (other citation omitted).

Based on the allegations in the Complaint, the Court finds that Plaintiff has established Defendants' liability.

## B.    Damages

"[I]t is well established that '[w]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (quoting *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)).  "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence that enables the court to evaluate the proposed sum and determine an award of damages.  *See Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993) (stating that "Rule 55(b)(2) and relevant case law give district judges much discretion in determining when it is 'necessary and proper' to hold an inquest on damages"); Fed. R. Civ. P. 55(b)(2) (providing that "[t]he court may conduct hearings . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter").

In this case, the Court finds that it is not necessary to hold an evidentiary hearing because damages are calculable based on the detailed affidavits and documentary evidence that Plaintiff

has provided.  Thus, the Court grants Plaintiff's motion for entry of a default judgment as

follows:

| | |
|---|---|
| Principal Balance | $189,804.47 |
| Interest (from 10/1/2021 to 06/30/2023) | 13,757.94 |
| Total Escrow Advances | 10,991.11 |
| Mortgage Insurance Premium | 202.60 |
| Property Inspection | 90.00 |
| **Total due as of June 30, 2023** | **$214,846.12** |

Plus additional interest accruing on this amount from July 1, 2023, at a rate of 4.2500% per

annum, through the date of entry of judgment, as well as an award of attorney's fees in the

amount of **$4,200.00** and costs and disbursements in the amount of **$463.79**.[1]

---

[1] With regard to Plaintiff's request for costs and disbursements, Local Rule 54.1(a) provides in pertinent part as follows:

> [t]he party entitled to recover costs set forth in 28 U.S.C. § 1920 shall file . . . a verified bill of costs on **the forms that the Clerk provides**, together with an affidavit verifying that (1) the items claimed in the Bill of Costs are correct; (2) the costs have been necessarily incurred in this case; and (3) the services for which the fees have been charged were actually and necessarily performed, and a Certificate of Service.  The party seeking costs shall accompany its request with receipts indicating that the party actually incurred the costs [for which] it seeks reimbursement.

N.D.N.Y. L.R. 54.1(a) (emphasis added).

The Court notes that Plaintiff did not use the "forms that the Clerk provides" when submitting its verified bill of costs.  However, Plaintiff did provide the necessary documentation to support its request for such costs and disbursements.  Therefore, the Court will not require Plaintiff to refile its verified bill of costs on the appropriate form.  However, the Court advises Plaintiff that, in the future, if Plaintiff does not comply fully with Local Rule 54.1(a) when seeking to recover its costs and disbursements, the Court will deny any such request.

### III. CONCLUSION

Having reviewed the entire file in this matter, Plaintiff's submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for entry of a default judgment against Defendants, *see* Dkt. No. 11, is **GRANTED**; and the Court further

**ORDERS** that Plaintiff is awarded judgment against Defendants in the amount of **$214,846.12** with interest continuing thereon at the rate of **4.2500%** per annum to the date of entry of judgment and, thereafter, interest on this amount from the date of entry of judgment to the date of payment at the rate provided for by 28 U.S.C. § 1961(a) and an award of attorney's fees in the amount of **$4,200.00** and costs and disbursements in the amount of **$463.79**; and the Court further

**ORDERS** that Plaintiff's motion for entry of Judgment of Foreclosure and Sale, *see* Dkt. No. 11, is **GRANTED**; and the Court further

**ORDERS** that the mortgaged property described in the complaint, as hereinafter set forth being more commonly known as **19749 Minkler Road, Adams Center, New York 13606**, or such part thereof as may be sufficient to discharge the mortgage debt, the expenses of the sale, and the costs of this action as provided by New York Real Property and Proceedings Law ("RPAPL") § 1351 be sold, in one parcel, at a public auction at the **Front Steps of the Jefferson County Court Complex, 163 Arsenal Street, Watertown, New York 13601** by and under the direction of **Rafferty E. Kellogg, Esq., 1 Public Square, Suite 28, Watertown, New York 13601**, who is hereby appointed Referee for that purpose; that said Referee give public notice of the time and place of said sale in accordance with RPAPL § 231 in the **Watertown Daily Times**.

The name and number of the servicer being Freedom Mortgage Corporation 1-855-690-5900; and the Court further

   **ORDERS** that the Referee shall cause to be sent by mail a copy of the Notice of Sale to the owner of equity of redemption's at his/her last known address and at the property address as well as upon Defendant Northern Credit Union, and an affidavit of such service shall be filed with the Court at least ten (10) days prior to the scheduled sale; and the Court further

   **ORDERS** that the Referee shall accept at such sale the highest bid offered by a bidder, who shall be identified upon the court record, and shall require that such successful bidder immediately execute Terms of Sale for the purchase of the premises and pay to the Referee, in cash or certified or bank check, ten percent (10%) of the sum bid, unless the successful bidder is Plaintiff in which case no deposit against the purchase price shall be required; and the Court further

   **ORDERS** that, in the event the first successful bidder fails to execute the Terms of Sale immediately following the bidding upon the subject premises or fails to immediately pay the ten percent (10%) deposit as required, the premises shall immediately and on the same day be reoffered at auction; and the Court further

   **ORDERS** that the closing of title shall take place at the office of the Referee or at such other location as the Referee shall determine and the closing of title and filing of the Referee's deed shall be made within thirty (30) days after such sale unless otherwise stipulated by the parties; and the Court further

   **ORDERS** that the Referee shall deposit all funds received pursuant to this Judgment of Foreclosure and Sale in the Referee's IOLA account; and the Court further

**ORDERS** that the Referee on receiving the proceeds of such sale shall cause to be paid promptly therefrom:

**FIRST:** The statutory fees and commissions of the Referee pursuant to CPLR § 8003(b) in the amount of **$750.00**.  In the event a scheduled sale is cancelled or postponed by a person or entity other than the Referee, pursuant to CPLR § 8003(a), Plaintiff shall pay to the Referee the sum of **$250.00** for each adjournment or cancellation.  Such compensation may be recouped from the proceeds of sale as a cost to Plaintiff.  This Judgment of Foreclosure and Sale constitutes the necessary prior authorization for compensation as set forth herein.  No compensation totaling in excess of **$1,100.00**, including compensation authorized pursuant to CPLR § 8003(a) for computation of the sum due to Plaintiff, may be accepted by the Referee without this Court's approval.

**SECOND:** The reasonable expenses of the sale, including the cost of advertising as shown on the bills presented and certified by the Referee to be correct, copies of which shall be annexed to the Report of Sale.  The Referee shall not be held responsible for the payment of penalties or fees pursuant to this appointment.  The Purchaser shall hold the Referee harmless from any such penalties or fees assessed.

**THIRD:** Pursuant to RPAPL § 1354 in accordance with their priority according to law, all taxes, assessments, sewer rents, water rates and any other charges placed upon the premises by any municipal authorities having priority over the foreclosed mortgage and which are liens on the premises at the time of sale, with such interest or penalties that lawfully may have accrued thereon to the date of payment.

**FOURTH:** as limited herein, to Plaintiff or its attorneys

**(a)**     the sum of **$463.79** for costs and disbursements in this
action to be taxed by the Clerk with interest from the date hereof;

      **(b)**     the sum of **$214,846.12**, the amount approved by the Court as due, together with interest thereon pursuant to the terms of the Note from **July 1, 2023**, the date to which interest was calculated in Ms. Diaz's affidavit through the date of entry of this Judgment of Foreclosure and Sale, and thereafter from the date of entry of this Judgment to the date of payment at the rate provided for by 28 U.S.C. § 1961(a);

      **(c)** the sum of **$4,200** hereby awarded to Plaintiff as reasonable legal fees as provided for in the Mortgage;

      **(d)** the amount of any advances provided for in the Note and Mortgage that Plaintiff may have made for taxes and insurance, and amounts due to prior mortgagors, upon presentation to the Referee of receipts for these expenditures; and

      **(e)** the amount of any advances provided for in the Note and Mortgage that Plaintiff reasonably may have made to maintain the premises pending consummation of the foreclosure sale upon presentation to the Referee of receipts for these expenditures;

and the Court further

      **ORDERS** that, in the event Plaintiff purchases the mortgaged premises at the sale, the Referee shall not require Plaintiff to pay in cash the entire amount bid at the sale but shall execute and deliver to Plaintiff a deed of the premises sold upon payment to the Referee of the sum awarded under the above provisions marked "FIRST," "SECOND," and "THIRD," if such expenses were paid by the Referee, or in lieu of the payment of the last mentioned amounts, upon filing with the Referee receipts of the proper municipal authorities showing payment thereof.  The balance of the amount bid, after deducting therefrom the aforementioned payments to the Referee shall be allowed to Plaintiff and applied by the Referee upon the amounts due to Plaintiff as specified in item marked "Fourth."  If upon applying the balance of the amount bid, there is a surplus over and above the amounts due to Plaintiff, then upon delivery to Plaintiff of the Referee's deed, Plaintiff shall pay to the Referee the amount of such surplus, which amount

shall be applied by the Referee, upon motion made pursuant to RPAPL § 1351(3), and proof satisfactory to the Referee of the sums due thereon, to any subordinate mortgage duly recorded against the premises pursuant to RPAPL § 1354(3), which payment shall be reported in the Referee's Report of Sale; and the Court further

      **ORDERS** that the Referee shall deposit any surplus moneys with the Clerk of this Court, to the credit of this action, within five (5) days after the same shall be received and ascertainable, unless such period is deemed extended by filing of an application for additional compensation, to be withdrawn only on the order of a Judge of this Court;  and the Referee shall immediately give notice of such surplus to the owner of the mortgaged premises as identified by Plaintiff at the time of the sale; and the Court further

      **ORDERS** that the Referee shall make the Referee's Report of Sale under oath showing the disposition of the proceeds of the sale accompanied by the vouchers of the person(s) to whom payment was made and file it with this Court within thirty (30) days after completing the sale and executing the proper conveyances to the purchaser or within thirty (30) days of a decision of this Court with regard to any application for additional compensation; and the Court further

      **ORDERS** that the Referee shall complete the Foreclosure Action Surplus Monies Form to be filed by Plaintiff herein; and the Court further

      **ORDERS** that, if the proceeds of the sale are insufficient to pay the amount reported by the Referee as due to Plaintiff, the Referee shall specify the amount of such deficiency in the Report of Sale; and Plaintiff may apply to the Court to recover the whole or such part of the deficiency as prescribed by RPAPL § 1371; and the Court further

      **ORDERS** that the purchaser(s) at the foreclosure sale be let into possession of the premises upon production of the Referee's deed; and the Court further

**ORDERS** that Defendants in this action, and all persons claiming under any of them after the filing of the Notice of Pendency of this action, be and hereby are forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the mortgaged premises and each and every part thereof; and the Court further

**ORDERS** that the terms of sale to the extent they do not contradict this Judgment or violate any law, shall be binding in all respects on the purchaser; and the Court further

**ORDERS** that the premises be sold in "as is" physical order and condition on the day of sale, subject to any state of facts that an inspection of the premises would disclose, any state of facts that an accurate survey of the premises would show, any covenants, restrictions, declarations, reservations, easements, right of way and public utility agreements of record, any building and zoning ordinances of the municipality in which the mortgaged premises are located and possible violations of same, any rights of tenants or persons in possession of the subject premises, prior liens of record, if any, except those liens addressed in RPAPL § 1354, and any equity of redemption of the United States of America to redeem the premises within one hundred twenty (120) days from the date of sale.  Risk of loss shall not pass to purchaser until closing of title; and the Court further

**ORDERS** that, by accepting this appointment, the Referee certifies that he/she is in compliance with Part 36 of the Rules of the Chief Judge of the States of New York, including but not limited to 22 NYCRR § 36.2(c) ("Disqualifications from appointment"), and 22 NYCRR § 36.2(d) ("Limitations on appointments based upon compensation"); and the Court further

**ORDERS** that Plaintiff shall serve a copy of this Judgment of Foreclosure and Sale with notice of entry no less than thirty (30) days prior to sale upon the Referee, the owner of the

equity of redemption as of the date of this Judgment of Foreclosure and Sale, any tenants named in this action, and any other party entitled to notice; and the Court further

ORDERS that Plaintiff shall deliver a copy of this Judgment to the Jefferson County Clerk and said Clerk shall record a copy of this Judgment against the land records for the subject property.

**IT IS SO ORDERED.**

Dated: March 4, 2024
       Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge

EXHIBIT A

## LEGAL DESCRIPTION

ALL THAT TRACT OR PARCEL OF LAND, situate in the Town of Adams, County of Jefferson and State of New York, and further described as follows:

BEGINNING at a point in the centerline of Minkler Road, said point being Southeasterly along the centerline of Minkler Road a distance of 1830.0 feet from the intersection of the centerline of Minkler Road and the centerline of Fuller Road;

THENCE N. 24° 56' 27" E. passing through any iron pipe set at 25.24 feet and continuing a total distance of 926.41 feet to an iron pipe set;

THENCE S. 76° 33' 32" E. a distance of 195.00 feet to an iron pipe set in the division line between the Town of Adams on the West and the Town of Rodman on the East;

THENCE S. 12° 47' 00" W. along said division line passing through an iron pipe set at 850.85 feet and continuing a total distance of 877.81 feet to a point in the center¬line of Minkler Road;

THENCE in a generally Northwesterly direction along the centerline of kinkier Road a distance of 409.0 feet to the point of beginning.

CONTAINING 6.28 acres of land, more or less.

EXCEPTING AND RESERVING the rights of the public in Minkler Road.

ALSO SUBJECT to and including all rights and restrictions that exist in regard to the well and water rights of record.

BEING the same property conveyed to Justin R. Poirier by Deed from Sara Simpson, dated 08/06/2013 and recorded 08/07/2013 as File No. 2013-00011579 of Official Records.

# Federal Rules of Appellate Procedure
## Rule 4. Appeal as of Right

### (a) Appeal in a Civil Case.

1. (1) *Time for Filing a Notice of Appeal.*

(A) In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.

(B) The notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is:

(i) the United States;
(ii) a United States agency;
(iii) a United States officer or employee sued in an official capacity; or
(iv) a current or former United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf — including all instances in which the United States represents that person when the judgment or order is entered or files the appeal for that person.

(C) An appeal from an order granting or denying an application for a writ of error *coram nobis* is an appeal in a civil case for purposes of Rule 4(a).

(2) *Filing Before Entry of Judgment.* A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry.

(3) *Multiple Appeals.* If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later.

(4) *Effect of a Motion on a Notice of Appeal.*

(A) If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:

(i) for judgment under Rule 50(b);

(ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;

(iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;

(iv) to alter or amend the judgment under Rule 59;

(v) for a new trial under Rule 59; or

(vi) for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.

(B)(i) If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

(ii) A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A), or a judgment's alteration or amendment upon such a motion, must file a notice of appeal, or an amended notice of appeal—in compliance with Rule 3(c)—within the time prescribed by this Rule measured from the entry of the order disposing of the last such remaining motion.

(5) *Motion for Extension of Time.*

(A) The district court may extend the time to file a notice of appeal if:

(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

(ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

(B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.

(C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.

(6) *Reopening the Time to File an Appeal.* The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77 (d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77 (d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

(7) *Entry Defined.*

(A) A judgment or order is entered for purposes of this Rule 4(a):

(i) if Federal Rule of Civil Procedure 58 (a) does not require a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79 (a); or

(ii) if Federal Rule of Civil Procedure 58 (a) requires a separate document, when the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a) and when the earlier of these events occurs:

• the judgment or order is set forth on a separate document, or

• 150 days have run from entry of the judgment or order in the civil docket under Federal Rule of Civil Procedure 79 (a).

(B) A failure to set forth a judgment or order on a separate document when required by Federal Rule of Civil Procedure 58 (a) does not affect the validity of an appeal from that judgment or order.